QUINN-MEISSNER, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 25251.) — On April 20, 1936, claimant-appellant entered into a contract with the Transit Commission, acting for the State of New York, to reconstruct six bridges over the tracks of the New York Central Railroad Company in the borough of the Bronx in the city of New York. The contract provided that " During reconstruction of the bridges vehicular and pedestrian traffic will be diverted to other streets." Pursuant to the contract the Transit Commission directed claimant to commence work on June 1, 1936. The contract provided for the completion of the claimant's execution within a period of eight months thereafter, a progress schedule of which, pointing to said com-

pletion by January 31, 1937, claimant duly furnished to the Transit Commission. Claimant began work at the appointed time but, with the exception of the River Avenue bridge, it was not afforded the other sites for its work free from vehicular and pedestrian traffic for the reason that the Commissioner of Public Works of the borough of the Bronx refused to issue requisite permission for the closing of the other streets where the work was to be performed, and the diversion of traffic which would be consequent thereupon, except that as to the East 169th Street site such permit was granted but its revocation was threatened unless provision be made for traffic maintenance, and at the Southern Boulevard site, the street was closed at the commencement of the work but later opened to traffic before contractor's work was completed. Out of the confused situation which thus developed an agreement was reached whereby the original plan of construction of some of the bridges which were to be made at sites free from traffic, was altered, and new plans were substituted for their construction under provisions for the maintenance of traffic, and wherein the claimant agreed to accept additional payments consequent thereupon. Thus the work thereafter progressed, and the new arrangements and agreements aforesaid were later and on August 2, 1937, incorporated into a supplemental agreement which was executed at that time, and at which time claimant's entire work under its contract was nearly completed, completion having occurred on August 27, 1937. The supplemental contract by its terms became a part of the original contract. Claimant signed it without reservation. It now makes no claim or demand for payment for the extra work, labor and materials furnished thereunder. As an incident to the alteration in arrangements respecting maintenance of traffic, claimant was unable to complete performance within the time originally limited and such time of completion was extended to the completion date. Claimant does not contend that it did any more than as provided for in the original and supplemental agreement. Its claim is that since it had originally planned to complete its contract in eight months, viz., on February 1, 1937, it was delayed until August 27th thereafter, by reason of having had to maintain traffic pursuant to the supplemental agreement, and that it sustained damages thereby in increased " overhead " and other costs, consequent thereupon. It contends that such damages are recoverable in that they arise from the Transit Commission's breach of the original contract's provisions respecting the furnishing of the sites free from traffic; that the execution of the supplemental agreement did not obviate them and that such damages, consequent upon a prolongation of the work, were not within the contemplation of the parties and so were not precluded by the supplemental agreement. While much may point to a finding that the failure to secure the construction sites free from traffic constituted a breach of the original contract by the Transit Commission, we cannot agree that claimant's proofs have established its right to a recovery of the damages it now seeks. The increased overhead costs incident to a prolongation of its work were a part of the subject matter of the supplemental agreement. A longer performance was a natural and inevitable result of the maintenance of traffic conditions, and this, in the supplemental agreement, claimant undertook on its part and for such was paid. (*Ryan* v. *City of New York*, 179 App. Div. 181, 192; *N. Y. State Nat. Bank* v. *Whitehall W. P. Co., Ltd.*, 161 App. Div. 304, 306.) Such delay, it seems to us, has been correctly held by the court below to have been within the contemplation of the parties when they made the supplemental agreement. As such it is not actionable. The judgment appealed from should be affirmed. Judgment appealed from affirmed, with costs. All concur.